# CIRCUIT COURT OF THE CITY OF RICHMOND

Steuart Petroleum Co.

v.

Virginia Department of Taxation

February 4, 1998

Case No. LC 1390-4

BY JUDGE T. J. MARKOW

This case is before the court on an Application to Correct Erroneous Assessment of Sales and Use Tax pursuant to Va. Code § 58.1-1825. The petitioner is Steuart Petroleum Company ("Steuart"), a petroleum marketing company engaged in the sale of petroleum products. The defendant is the Virginia Department of Taxation ("VDT"). Steuart claims that VDT has erroneously, invalidly, and illegally assessed Virginia sales and use tax to its sale of assets. For the reasons discussed below, the court finds for the plaintiff.

## I. *Factual Summary*

The parties have stipulated to the facts. At issue in this case is the sale by Steuart of twenty-four retail service stations/convenience stores (the "Stores") owned and operated by its motor fuels division in Virginia. This liquidation plan was adopted to meet Steuart's financial commitments. As Steuart was unable to locate a single purchaser for all of the Stores, it sold the Stores in five separate transactions to five separate purchasers over a nine month period from April 1994 to January 1995. This series of trans-

actions accomplished the liquidation of Steuart's service station/convenience store business in Virginia.

In its November 1996 sales tax audit of Steuart, VDT determined that the sales of the Stores did not qualify for the occasional sale tax exemption on the grounds that the five transactions constituted a series of sales sufficient in "number, scope, and character to constitute an activity requiring the holding of a certificate of registration." Va. Code § 58.1-602. Based on this determination, VDT assessed sales and use tax against Steuart in the amount of $114,674 plus interest of $34,834.11, for a total assessment of $149,508.73. Pursuant to Va. Code § 58.1-1821, Steuart filed an "application for correction" with VDT on January 26, 1997. This request was rejected by letter dated April 25, 1997. Steuart paid the assessment in May 1997 "under protest" as a prerequisite to commencing the present action.

## II. *Statutory and Administrative Framework*

Sales tax is levied on "every person who engages in the *selling at retail* . . . *[of] tangible personal property* in this Commonwealth . . . ." Va. Code § 58.1-603 (emphasis added). *"Sale"* is defined as "any transfer of title or possession, or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property . . . ." Va. Code § 58.1-602. "Every person desiring to engage in or conduct business as a *dealer* in this Commonwealth shall file with the Tax Commissioner an application for a *certificate of registration* for each place of business in this Commonwealth." Va. Code § 58.1-613(A) (emphasis added). A "dealer" includes every person who sells tangible personal property at retail or who has in his possession such property for use, consumption, or distribution, or for storage to be used or consumed in Virginia. Va. Code § 58.1-612(B)(3).

The sales and use tax does not apply to occasional sales. Va. Code § 58.1-609.10(2). An *"occasional sale"*:

> means a sale of tangible personal property *not* held or used by a seller in the course of an activity for which he is required to hold a certificate of registration, including [(i)] the *sale or exchange of* all or substantially *all the assets* of any business *and* [(ii)] the reorganization or *liquidation* of any business, *provided* such sale or exchange is not one of a series of sales or exchanges sufficient in

*number, scope and character* to constitute an activity requiring the holding of a certificate of registration.

Va. Code § 58.1-602 (emphasis added). This definition is expanded in the administrative regulations, which state that "occasional sale" means, in the alternative:

>    1. A sale by a person who is engaged in sales on *three or fewer separate occasions within one calendar year . . . or*
>    2. A sale of tangible personal property not held or used by a seller in the course of an activity for which he is required to hold a certificate of registration. The words *"not held or used by a seller in the course of an activity for which he is required to hold a certificate of registration"* means that a registered dealer is not entitled to an occasional sale exemption *solely* by virtue of the fact that the article sold may be of a different class from the merchandise he/she regularly sells; *or*
>    3. The sale or exchange of all or substantially *all the assets* of any business; *or*
>    4. The reorganization or *liquidation* of any business.

23 VAC 10-210-1080(B) (emphasis added).

### III. *Petitioner's Argument*

Steuart contends that VDT erroneously based its determination that the liquidation sale is subject to use tax on the grounds that the disposition was taxable because all of the assets were sold off to five buyers over a nine month period instead of only one buyer in a single transaction. In particular, Steuart argues that VDT's refusal to qualify this liquidation sale as exempt is erroneous because (1) the five sales transactions were *not* sufficient in "number, scope, and character" to require the holding of a certificate of registration, and (2) the sales were both a "liquidation" of Steuart's entire retail store business in Virginia and the "sale of substantially all of the assets of [that] business" pursuant to Va. Code § 58.1-602. In sum, the petitioner argues that this liquidation sale clearly qualifies as an "occasional sale" under the statutory definition and is exempt from sales and use tax. Va. Code § 58.1-609.10(2).

## IV. *Discussion*

The rules of decision applicable to any proceeding relating to the interpretation and enforcement of the tax laws include (1) the tax assessment is deemed *prima facie* correct; (2) regulations promulgated under § 58.1-203 will be sustained unless unreasonable or plainly inconsistent with applicable law; and (3) rulings issued and published in conformity with §§ 58.1-203 and 58.1-204 will be accorded judicial notice. Va. Code § 58.1-205(1) to (3). Exemptions of property from taxation are to be strictly construed against the taxpayer. Va. Const., Art. X, § 6(f). *See, e.g., Commonwealth, Dep't of Taxation v. Wellmore Coal*, 228 Va. 149, 320 S.E.2d 509 (1984). The taxpayer has the burden of establishing that it comes within the terms of the exemption. *DKM Richmond Assocs. v. City of Richmond*, 249 Va. 401, 457 S.E.2d 76 (1995).

At the heart of this dispute is the interpretation of the statutory and administrative code regarding the Commonwealth's sales and use tax. Under the provisions of § 58.1-602, the sale of all the assets of any business *and* the liquidation of any business qualify as exempt occasional sales, provided that such disposition is not a series of sales sufficient in number, scope, and character to necessitate that the seller obtain a certificate of registration. Here, it is uncontested that Steuart sold off all of the assets of, and liquidated its line of business in, twenty-four retail service station/convenience stores in Virginia. These items were not held or used by Steuart in the course of activities requiring the holding of a certificate of registration. VDT's portrayal of the number, scope, and character of these sales remains in dispute, however. VDT contends that five separate sales over the course of nine months precludes the application of the "occasional sale" exemption.

The "number" requirement is the *only* one of the three § 58.1-602 provisos (number, scope and character) addressed in the administrative code: sales on *three or fewer* separate occasions within one calendar year will qualify as an "occasional sale." 23 VAC 10-210-1080(B)(1). The determination of "scope" and "character" of a series of sales is not discussed. In any event, the components of the regulation are drafted in the alternative by using the conjunction "or." This plainly declares that transactions resulting in the sale of all of the assets of a business *or* the liquidation of any business may *also* qualify for the "occasional sale" label, even if the sales occur *on more than three separate occasions within one calendar year*. An evaluation of the scope and character of such transactions should be conducted in order to place the number of asset sales in their proper context.

VDT has improperly applied its own regulation in an overbroad fashion and made an erroneous tax assessment upon the petitioner. The defendant has invoked the "three or fewer" figure in classifying *all* types of occasional sales, including the sale or liquidation of the assets of an entire business. The structure and terms of this regulation leave no doubt that each subsection is to be considered separate and distinct, rather than cumulative. Nonetheless, VDT's ruling on Steuart was determined by the number and time frame of the sales, rather than taking into consideration that this was the sale of all the Virginia service station/convenience stores assets and the liquidation of a business division. "If an agency in its proceedings violates its rules and prejudice results, any action taken as a result of the proceedings cannot stand." *Virginia Committee for Fair Utility Rates v. Virginia Elec. and Power Co.*, 243 Va. 320, 328, 414 S.E.2d 834, 838 (1992). This erroneous assessment must be corrected by a refund.

As VDT's ruling cannot stand on the basis of its application of 23 VAC 10-210-1080(B)(1) to the facts here, the court will next evaluate the defendant's published rulings for guidance on applying the occasional sale exemption. The parties have stipulated to the court's consideration of various Public Documents. The court may take judicial notice of these rulings pursuant to Va. Code § 58.1-205(3). Generally speaking, each of these rulings stands for the proposition that the sale of a business requiring several transactions over an extended period of time to different purchasers does not qualify as an exempt occasional sale. VDT relies on PD 85-113 (liquidation of a business division through a series of sales over thirty months did not quality for the exemption); PD 86-177 (occasional sale exemption is not applicable when the person makes four or more sales in a year); PD 87-25 (taxpayer with a plan of liquidation to be accomplished in many transactions with several different purchasers over a period of time not entitled to the exemption); and PD 94-134 (plan to sell retail stores and terminate a retail business in a number of transactions to different purchasers within a twelve month period does not qualify for the exemption). The court finds that these rulings are not determinative of the instant case. In PD 85-113, the assets of a building division were sold off on an asset-by-asset basis over a *thirty month period* (approximately two assets per month). This is quite distinct from Steuart's organized series of five sales over nine months. In PD 86-177, the taxpayer *sold* a number of amusement devices while engaged in the business of *operating* such devices. That case involved neither the sale of all or substantially all of the taxpayer's assets, nor the liquidation of a business as in Steuart. In PD 87-25, the taxpayer engaged in the sale of all of its assets, which were spread throughout the

Commonwealth, to a *large number* of buyers in order to maximize its return. The instant case involves only five buyers, who each purchased groups of stores in distinct geographic locations. The sole common element between Steuart and PD 87-25 was the desire to maximize return through obtaining multiple buyers. In PD 94-134, the taxpayer desired to sell off its retail convenience store business to as many as *ten* separate purchasers over a period of *twelve* months. The number and time period were paramount factors in the ruling, whereas the scope and character of the sales was never addressed by VDT.

In short, the defendant's rulings provide no guidance for either the petitioner or the court to determine the application of the occasional sales exemption. Not only are the multiple sales scenarios in the cited Public Documents factually distinct from the instant case, but VDT has entirely failed to address why the "scope and character" elements of comprehensive asset sales or liquidation transactions involving multiple buyers should be excluded when evaluating the sales tax exemption. "[A] taxpayer should be able to look at a taxing ordinance and reasonably see that it may apply to him." *Virginia Hiway, Inc. v. City of Richmond*, 29 Va. Cir. 88, 91 (Richmond 1992) (city could not impose business license tax pursuant to undefined terms in the ordinance). There, as here, the taxing authority is attempting to support its tax assessment on the basis of interpretations that fly in the face of VDT's governing legislation and its own regulations.

The defendant's overbroad application of the "three or fewer" provision to all types of occasional sales ignores the clear construction of the regulation: the term "occasional sale" may *also* be read to include the sale of all the assets of any business and the liquidation of any business. Turning to the statutory proviso, the exemption applies so long as the number, scope, and character does not constitute an activity requiring the holding of a certificate of registration. The defendant's own prior rulings demonstrate its aversion for multiple sales to multiple buyers over an extended period of time. As discussed above, these determinations are inapposite to the instant case: the petitioner is a corporation that sold off all the assets of a division pursuant to an orderly plan of liquidation. There was no piecemeal disposition, nor were there dozens of buyers bidding over several years. Five packages, as determined by geographic location and approved by the unanimous consent of Steuart's Board of Directors, were sold off during a nine month disposition of assets. Four sales occurred in 1994; one transaction occurred in early 1995. The scope and character of these sales surely falls within the intent of the General Assembly to shield such transactions from sales tax. The number (five) and time frame (nine months) of sales

collides with a single, *alternative* subsection of VDT's regulations. This sale/liquidation may not be denied an exemption solely by virtue of the defendant's misguided application of the "three or fewer" provision.

## V. *Conclusion*

For the reasons stated above, the court grants the petitioner a refund in the amount of $149,508.73 with interest from May 16, 1997, until paid.